IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBERT JAMES BELCHER and VALERIE A.S. BELCHER,<br><br>            Plaintiffs,<br><br>    vs.<br><br>MICHELLE PILCHER TAYLOR, fka LUCILLE ROSE PILCHER,<br><br>            Defendant. | ) CIVIL NO. 05-00033 DAE-KSC<br>)<br>) FINDINGS AND<br>) RECOMMENDATION THAT MOTION<br>) FOR JUDGMENT BY DEFAULT<br>) BE GRANTED<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

FINDINGS AND RECOMMENDATION THAT
MOTION FOR JUDGMENT BY DEFAULT BE GRANTED

Before the Court is Plaintiffs Robert James Belcher and Valerie A.S. Belcher's ("Plaintiffs") Motion for Default Judgment filed July 8, 2005. The matter came on for hearing on July 29, 2005. Attorney Michael G.M. Ostendorp appeared on behalf of Plaintiffs. At the hearing, the Court directed Plaintiffs to submit Supplemental Declarations establishing that the $34,000 in attorneys' fees is post-decree and related to the subject matter of this

action and to provide copies of the FedEx receipts establishing service of the documents.  On August 30, 2005, Plaintiffs filed Second Supplemental Declarations.  However, the declarations did not include the specific information requested by the Court.  Upon careful consideration of the written submission and the argument of counsel, this Court FINDS AND RECOMMENDS that Plaintiffs' Motion for Judgment by Default be GRANTED.

## BACKGROUND

Plaintiff Robert James Belcher and Defendant Michelle Pilcher Taylor fka Lucille Rose Pilcher ("Defendant") were married on January 9, 1999 and were later awarded a decree of absolute divorce on February 9, 2001.  Plaintiff Robert James Belcher remarried Plaintiff Valerie A.S. Belcher twenty-two months later. Defendant remarried on July 23, 2002, but failed to give Plaintiffs notice of the remarriage and continued to collect payments from Plaintiffs.  Plaintiffs were unable to confirm that Defendant had remarried until February 2003.  Despite Defendant's remarriage,

Defendant filed a Motion for Post-Decree Relief on May 22, 2003 seeking enforcement of the divorce decree.  On August 15, 2003, the parties signed a Stipulated Order which stated that Defendant fully agreed that all terms of the divorce decree and its amendments and attachments had been complied with, and that Plaintiff Robert James Belcher was no longer obligated to make payments to her.  When Plaintiffs made plans to refinance their home in reliance on the terms of the Stipulated Order, Defendant was non-compliant and refused to sign papers clarifying the Stipulated Order for the Title Company.

On January 14, 2005, Plaintiffs filed a Complaint against Defendant alleging fraud, tortious interference, intentional infliction of emotional distress, conversion, and punitive damages.  Plaintiffs seek damages in the amount of $217,900.00.  This amount includes $34,000 in attorney's fees representing the $14,000 still owed to Plaintiffs by Defendant and $20,000 in additional fees incurred in pursuing this case in federal court.

On February 8, 2005, Plaintiffs served a copy of the Complaint upon David Taylor at 1223 E. Pheasant View Drive, Layton, UT 89041.  On February 22, 2005, an Affidavit of Service was filed with this Court.  To date, no answer or response has been filed by Defendant.  Based on this failure to either plead or otherwise defend in this action as required by Fed. R. Civ. P. 55(a), default was entered against Defendant by the Clerk of the Court on March 17, 2005.

## DISCUSSION

Upon default, the factual allegations of the complaint, except for those related to the amount of damages, will be taken as true.  See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  A default judgment establishes, as a matter of law, that the facts alleged to establish liability are binding on the defaulting party.  Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)(citation omitted).

After a careful review of the written submissions and the record, herein, this court FINDS

AND RECOMMENDS that Plaintiffs' Motion for Judgment by Default be GRANTED, as follows:

(1) Defendant's actions in not disclosing her remarriage amounted to intentional false misrepresentation and fraud;

(2) Defendant's actions in refusing to provide her signature during the refinancing process amounted to intentional and improper interference with the Plaintiffs' business relations with a third party refinancing company and placed her in direct violation of a court-sanctioned Stipulated Order;

(3) Defendant's conduct during the period following the divorce was intentional, extreme and outrageous and caused the Plaintiffs severe emotional distress;

(4) Defendant's conduct in continuing to receive payments from Plaintiffs following her remarriage intentionally and seriously interferes with the Plaintiffs' right to possess those payments, such that Plaintiffs are warranted to have the Defendant pay back the full value of those payments; and

(5) As a result of Defendant's conduct, Plaintiffs are entitled to recover the amount of $197,900.00, consisting of the following: $137,900.00 in special damages, $80,000 in emotional distress damages, and $14,000 in attorney's fees still owed to Plaintiffs by Defendant.  The Court declines to award Plaintiffs the additional $20,000 requested for attorney's fees because Plaintiffs have failed to timely provide proper documentation to justify this award.

　　　　IT IS SO FOUND AND RECOMMENDED.

　　　　Dated:  Honolulu, Hawaii, April 20, 2006.



　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　Kevin S.C. Chang
　　　　　　　　　　　　　　　　United States Magistrate Judge

CIVIL 05-00033 DAE-KSC.  ROBERT JAMES BELCHER and VALERIE A.S. BELCHER vs. MICHELLE PILCHER TAYLOR fka LUCILLE ROSE PILCHER; FINDINGS AND RECOMMENDATION THAT MOTION FOR JUDGMENT BY DEFAULT BE GRANTED.